UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUSAN SACHER and JOEL SACHER,   Civil Action No. 1-20-cv-2562-JGK

                Plaintiffs,

      -against-

EXACTECH, INC. and EXACTECH U.S., INC.,

                Defendants.
------------------------------------------------------------------------x

## [PROPOSED] CONSENT PROTECTIVE ORDER

By consent of the parties and approval of this Court, this Order is issued to preserve and protect the confidentiality of documents referenced, disclosed, and produced in this litigation ("Litigation") as follows:

1.    The terms and conditions of this Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information produced (including, but not limited to, inspections, videos, photographs or imaging of a party's data, processes, premises or property), given or exchanged by and among any and all of the parties and non-parties to this Litigation in connection with discovery or voluntary exchange of information in this Litigation ("Discovery Material").

2.    The term "Designating Party" as used herein shall mean the person or party who produces the Discovery Material or the party who chooses to designate Discovery Material produced by or originating with any non-party. The Designating Party shall have the right to designate any Discovery Material as "Confidential," to the extent that it believes in good faith that such Discovery Material contains or reflects proprietary, trade secret, or non-public protected information ("Confidential Material").

3. Confidential Material shall be designated as follows:

a. In the case of documents, designation shall be made by placing the legend "Confidential" on the first page of any document containing Confidential Material prior to production. Documents that are made available for inspection in response to a request for production need not be marked with the confidentiality legend. The Designating Party shall, however, mark with the confidentiality legend the first page of the document and each page that contains Confidential Material that is identified for copying and then copied. Where a document is produced in a magnetic or electronic medium (such as a computer disk or tape), the disk, cartridge, reel or medium container shall be marked as set forth above. In the case of documents produced by a non-party, either party may designate the documents as Confidential Material by (i) placing the legend "Confidential" on each page containing Confidential Material after receiving the production from the non-party or the party who directly receives the production from the non-party; or (ii) identifying in writing, by bates number, the documents to be treated as Confidential Material. The failure of a non-party to designate a document it produces as Confidential Material shall in no way affect the right of either party to so designate the document.

b. In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement on the record during the course of the deposition as to which portion(s) are being designated, or by a statement in writing sent to all counsel of record within thirty (30) business days after the receipt of the transcript of the deposition. If the designation is made during the course of the deposition, the reporter attending such deposition shall place the legend "Contains Confidential Material Subject to a Court Order" on the cover of the transcript. If the designation is made after receipt of the transcript, the Designating Party shall identify which pages of the transcript contain

Confidential Material. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

4. All portions of briefs, pleadings or other filings with the Court that contain or refer to Confidential Material shall be filed under seal in accordance with the procedures of the Court. Pursuant to the Court's Individual Practices, notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to this Court.

5. If any party elects to challenge the designation of any Discovery Material as Confidential Material, such party ("Challenging Party") shall do so in good faith and must begin the process by a letter directed to counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to

reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6. If the Designating Party does not explain the basis for the designation and/or any challenge to a confidentiality designation cannot be resolved by agreement, the Challenging Party may file a motion with the Court for an order removing that designation. Each such motion shall specify the challenged material and set forth in detail the basis for the challenge. Each such motion also shall be accompanied by a competent declaration that affirms that the Challenging Party has complied with the meet and confer requirements imposed by the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer process.

7. Notwithstanding any challenge to the designation of material as Confidential Material, all Discovery Material shall be treated as Confidential Material unless and until one of the following occurs:

   a. the Designating Party who claims that the Discovery Material is Confidential Material withdraws such designation in writing; or

   b. the Court rules the Discovery Material is not Confidential Material.

8. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party shall promptly notify all other parties in writing that it is withdrawing the designation and shall authorize all parties to remove the "Confidential" legend from such material.

9. Information designated as "Confidential Material" may be disclosed only to the following persons:

   a. counsel of record in this Litigation, and attorneys, paralegals and other support staff

employed by such counsel who are assisting in the conduct of this Litigation;

  b. the parties in this Litigation, including their present corporate counsel, officers, directors and employees deemed necessary to aid counsel in the prosecution or defense of this Litigation;

  c. the Court, court personnel, court reporters (including stenographers and video technicians) and the jury in this Litigation;

  d. interpreters, translators, copy services, document imaging services, and database coding services employed in connection with this Litigation, provided that these individuals or an appropriate company official executes an Agreement to Maintain Confidentiality attached hereto as Exhibit A;

  e. experts or consultants (and employees of such experts or consultants) retained by any party or attorney to assist with the Litigation, provided that such expert or consultant executes an Agreement to Maintain Confidentiality attached hereto as Exhibit A;

  f. any mediator agreed upon by the parties, provided such person executes an Agreement to Maintain Confidentiality attached hereto as Exhibit A;

  g. noticed or subpoenaed witnesses (and their counsel) at any deposition or trial in this Litigation or in preparation for their testimony at deposition or trial;

  h. all authors and recipients of an item of Confidential Material, including all addressees, persons listed as receiving copies or blind copies, and persons who counsel believes in good faith would have received copies in the ordinary course of business, provided that such persons execute an Agreement to Maintain Confidentiality attached hereto as Exhibit A;

  i. prospective witnesses who may be required to testify in this Litigation on facts contained in the Confidential Material, provided that such witnesses execute an Agreement to

Maintain Confidentiality attached hereto as Exhibit A;

  j. in the case of Confidential Material produced by or originating with a non-party, the non-party who produced the Confidential Material; and

  k. other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Designating Party.

  10. Persons identified in Paragraphs 9(d), (e), (f), (h), and (i) above shall not be granted access to Confidential Material until such persons have read this Order and agreed to be bound by its provisions as set forth in the Agreement to Maintain Confidentiality attached hereto as Exhibit A. Counsel for the party providing such persons with access to Confidential Material shall be responsible for maintaining copies of the Agreement to Maintain Confidentiality executed by them. The names of such persons who have executed the Agreement to Maintain Confidentiality attached hereto as Exhibit A shall not be discoverable except upon a showing of good cause and by order of the Court, or as required by the Federal Rules of Civil Procedure.

  11. All information designated as Confidential Material in accordance with the terms of this Order and produced or exchanged in the course of this Litigation shall be used or disclosed solely for the purpose of this Litigation and in accordance with the provisions of this Order. Such Confidential Material shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order or otherwise required by law.

  12. Nothing in this Order shall prevent a Designating Party, in good faith, from designating or re-designating Discovery Material that already has been produced as Confidential Material, provided that the Designating Party promptly advises the party or parties to which production is being made that it has designated or re-designated the Discovery Material as Confidential Material. In the event that two copies of the same document or information are

produced by different parties, the more restrictive designation shall govern. If material is appropriately designated as Confidential Material after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

13. Any party who receives Confidential Material may request at any time permission to disclose such material to a person other than those permitted by paragraph 9 above by serving a written request upon counsel for the Designating Party. This request shall state the specific information or material the party wishes to disclose and the person or entity to whom the party wishes to disclose the information or material. If consent is withheld, or if the requesting party and Designating Party are unable to agree on the terms and conditions of disclosure, the requesting party may seek judicial intervention to resolve the dispute. Disclosure shall be prohibited unless and until such request is granted by the Court.

14. In the event that any person not named in paragraph 9 requests the disclosure of Confidential Material through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give notice in writing to counsel for the Designating Party identifying the information sought and enclosing a copy of the subpoena or compulsory process. Such notice shall be delivered in writing at least fourteen (14) days prior to the proposed disclosure; if the request is received less than fourteen (14) days prior to the proposed disclosure, notice shall be given immediately by telephone, as well as in writing. The Designating Party shall have the sole responsibility to obtain a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party advises the Receiving Party that it intends to promptly move for such an order and the Designating Party moves prior to the proposed production date, the

Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion is resolved.

15. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and without prejudice to the rights and remedies of the Designating Party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this Litigation, including any appeals. After final termination of this Litigation, the outside counsel for a named party may (but is not required to) retain one copy of deposition transcripts and exhibits, court transcripts and exhibits, and documents and other materials submitted to the Court. Any such retained documents shall continue to be treated in accordance with this Order. Nothing herein shall require the return or destruction of attorney work product. Upon written notice of counsel, within 90 days after final termination of this Litigation, counsel for the parties shall return all additional Confidential Material to the Designating Party or destroy all additional Confidential Material, including copies thereof and documents reflecting same, and shall provide a sworn certification to the Designating Party that all such Confidential Material has been returned or destroyed; provided, however, that to the extent the Confidential Material exists in whole or in part on computer backup tapes, information from such tapes does not need to be restored for purposes of destroying or returning Confidential Material to the Designating Party but such retained information shall continue to be treated in accordance with this Order. Nothing in this paragraph shall operate to

require a party to retain documents after the termination of the Litigation.

17. Nothing in this Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

18. The inadvertent production of any Confidential Material shall be without prejudice to any claim that such Confidential Material is privileged or protected from discovery as attorney work-product or by reason of any other applicable privilege, protection or immunity, including without limitation the attorney-client privilege, and no party or non-party shall be held to have waived any rights by such inadvertent production. If a claim of inadvertent production is made pursuant to this Paragraph 18 with respect to information then in the custody of another party, such party shall immediately return to the claiming party or person that Confidential Material as to which the claim of inadvertent production has been made and all copies thereof (including any and all copies from any litigation-support or other database), and the receiving party shall destroy all notes or other work product reflecting the contents of such Material, and shall not use such information for any purpose other than in connection with a motion to compel. The party returning such Material may then move the Court for an Order compelling production of the Material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production. If the party receiving notice of inadvertent production does elect to move the Court for an Order compelling production, that party may keep one copy of the inadvertently produced Confidential Material to be used only in connection with that motion. The parties and non-parties agree that permission to keep the one copy for the sole purpose of that motion shall not be grounds for arguing that the document is not privileged or that any privilege was waived. Pending the Court's ruling, a receiving party shall not make any use of such documents or information.

19. Nothing in this Order shall prevent any Designating Party from using or disclosing his, her or its own documents or information, and any such use or disclosure shall not automatically be deemed a waiver of that Designating Party's rights under this Order.

20. Nothing in this Order shall be construed to be an admission of relevance to affect in any way the admissibility of any document, testimony or other evidence in this Litigation.

21. This Order may be amended only by written agreement of counsel for all parties hereto or upon a motion seeking relief from or modification of this Order from the Court. Nothing in this Order shall be construed to prevent a Designating Party from seeking such further provisions regarding confidentiality as it deems appropriate, or to prevent the parties from seeking relief from this Order.

22. Nothing in this Order shall affect any privilege or right that any Designating Party might otherwise have against the discovery of any materials sought by any party hereto. Notwithstanding this Order, any Designating Party may move the Court for an order imposing additional restrictions upon discovery of documents or other material, including, but not limited to, an order that discovery not be had.

23. All notices required by the Protective Order are to be served via email and by U.S. mail to the attorneys of record for the party receiving the notice.

**IT IS SO ORDERED.**

DATED: __9/18/20__      _____
                         THE HONORABLE JOHN G. KOELTL
                         UNITED STATES DISTRICT JUDGE

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*

*So ordered.*
*9/18/20  John G. Koeltl / U.S.D.J.*

10

## Exhibit A - Agreement to Maintain Confidentiality

I hereby acknowledge that I will be receiving Confidential Material pursuant to the terms of a Confidentiality Stipulation and Protective Order entered by the Court in the action entitled *Susan Sacher and Joel Sacher v. Exactech, Inc. and Exactech U.S., Inc., Civil Action No.: 1:20-cv-2562.*. I have been given a copy of, and have read and understand, the Confidentiality Stipulation and Protective Order and I agree to be bound by the terms and conditions of that Order. I understand that (1) I am to make no copies of any such Confidential Material except as necessary for use in the above-captioned actions, and (2) such Confidential Material and any copies thereof must remain in my custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Material. I agree not to disseminate any information derived from such Confidential Material to anyone, or make any disclosure of any such information, except for the purposes of the above-caption action or as permitted by the Confidentiality Stipulation and Protective Order or by further order of the Court.

Signature: _____

Print Name: _____

Date: _____